THOMAS WHITE v. JOHN TREON.

1. TRANSCRIPT OF FOREIGN JUDGMENT, *Authentication of.* Where an action is brought on a foreign judgment, and a transcript of the judgment is attached to the petition and made a part thereof, it is not necessary that such transcript should be authenticated as prescribed by the act of congress, or by the laws of the state of Kansas.

2. PRACTICE; *no Error.* Where the petition of the plaintiff is obviously sufficient, but notwithstanding the same the defendant demurs thereto, on the ground that the petition does not state facts sufficient to constitute a cause of action, thus furnishing some evidence that he demurs merely for delay, and no showing or statement is at any time made that he did not demur for delay, and after the demurrer is overruled the defendant files a motion and affidavit for leave to answer, but does not show that he has has any meritorious defense, although the affidavit is intended for that purpose, and the court below overrules the motion, *held,* not error.

*Error from Butler District Court.*

ACTION brought by *Treon* against *White,* upon a certain judgment. Trial at the March Term, 1880, of the district court, and judgment for the plaintiff. *White* brings the case here. The opinion states the facts.

*Cyrus A. Leland,* for plaintiff in error.

*A. L. Redden,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Butler county, Kansas, by John Treon against Thomas White, on a judgment rendered by the court of common pleas of Montgomery county, Ohio. The defendant demurred to the plaintiff's petition, on the ground that it did not state facts sufficient to constitute a cause of action. The court below overruled the demurrer, and the defendant excepted. The defendant then moved the court for leave to answer; but he did not state in his motion what his defense was, nor even that he had any defense. He also filed an affi-

davit with his motion. The court below overruled the motion, and then rendered judgment in favor of the plaintiff and against the defendant for the amount of the judgment upon which the action was brought. The defendant now brings the case to this court, and asks for a reversal of the judgment of the court below.

The petition in the court below is so obviously sufficient that it is scarcely necessary to say anything with regard thereto. The principal objection urged against it is, that the transcript of the judgment, attached thereto and made a part thereof, was not authenticated as prescribed by the act of congress or by the laws of this state. Now, as an exhibit, it was not necessary that the copy of the judgment should be authenticated at all. The allegations of the petition answered the purpose for the time being of a due authentication of the judgment. If the judgment had been denied by a pleading verified by an affidavit, and if it had become necessary to prove the judgment, then it would have been necessary that the transcript of the judgment offered in evidence should be properly authenticated.

We do not think that the court below erred in refusing to permit the defendant to file an answer to the plaintiff's petition. The plaintiff demurred to the petition, when he should have answered. The petition was so obviously sufficient, that the filing of the demurrer furnished some evidence that it was filed merely for delay, and the defendant made no showing that the demurrer was not filed for delay; he did not even state, in either his motion or affidavit, that it was not filed for delay; and the form of the motion and affidavit would also seem to indicate that the defendant desired delay more than he did to try the case upon its merits. For instance, in one portion of his affidavit he says "no such record," while in another portion of the affidavit he substantially admits that a judgment such as the plaintiff sued on had been rendered against him. The facts of the case seem to be about as follows: Formerly, the defendant, Thomas White, and Lewis Mease and the plaintiff, John Treon, were

partners operating a mill. The partners had a difficulty, and Lewis Mease and John Treon commenced an action in the court of common pleas of Montgomery county, Ohio, against Thomas White, for a settlement and an accounting. Two receivers were appointed in the action to take charge of the partnership property, and a master commissioner was appointed to take the testimony in the case. The evidence was taken by the master commissioner, and reported to the court, and judgment was rendered thereon in favor of each of the plaintiffs, and against the defendant, for $10,485.60. This judgment was rendered on August 6, 1877. In the meantime, and afterward, the receivers disposed of the property, made their return to the court, and were finally discharged on June 5, 1879. This present action was commenced in the district court of Butler county, in December, 1879. Said demurrer was overruled on March 2, 1880, and the plaintiff filed his motion and affidavit for leave to answer on March 3, 1880, and up to that time he had taken no steps to reverse, vacate or modify the judgment rendered by the common pleas court of Montgomery county, Ohio, nor to vacate, modify, set aside or reverse any of the proceedings in the action in which that judgment was rendered. The defendant does not show, by his affidavit or otherwise, that he has any defense to that judgment; he states that it was obtained through fraud, but he states no facts showing that it was obtained through fraud; his principal ground for complaint, stated in plain words, seems to be that Mease and Treon attended to their own side of the case, and did not take care of his side of the case, and that they introduced their own evidence only, and did not introduce evidence on his side. He was personally absent on account of sickness at the time the evidence was taken, and at the time the judgment was rendered. His principal complaint, where he attempts to state facts, is that he "verily believes" that Mease and Treon did not introduce in evidence before the master commissioner a certain "blotter" or "blotters," containing the credit accounts of himself with the firm during the continuance of their partnership; but he does not

state what this blotter or blotters would prove, nor does he show that it would have made the slightest difference if it, or they, had been introduced in evidence, nor does he really show that they were not introduced in evidence; it was only a matter of belief with him. He states that he was unable, from sickness, to attend before the master commissioner while the evidence was being taken, or to attend at the court when the judgment was rendered; evidently, however, he had an attorney present, for it appears that when the judgment was rendered his attorney excepted to the judgment. He also complains that the mill was sold to Mease and Treon for $10,000, when it was worth from $25,000 to $30,000. If this were really true, he should have appeared before the court of common pleas of Montgomery county, Ohio, and resisted the confirmation of the sale. It does not appear, however, either that he did, or that he did not, but probably he did not. This sale was evidently made long before the judgment was rendered. The defendant White makes no pretense that the sale was not regular in all respects, or at least so far as the receivers were concerned, and no fraud is shown. Evidently the defendant had no defense to said judgment, and therefore for another reason the court ruled correctly in refusing to permit the defendant to file his answer. Section 138 of the civil code reads as follows:

"Upon a demurrer being overruled, the party who demurred may answer or reply if the court be satisfied that he has a meritorious claim or defense, and did not demur for delay."

Now here the defendant has no meritorious claim or defense, and he certainly did not satisfy the court below that he did not demur for delay.

The judgment of the court below will be affirmed.

All the Justices concurring.